U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

JUL 25 2016

TONY R. MOORE CLERK
BY _____
DEPUTY

a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| CHARLES EDWARDS, JR., Petitioner | CIVIL ACTION NO. 1:16-CV-729; SECTION "P" |
| VERSUS | CHIEF JUDGE DRELL |
| STATE OF LOUISIANA, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by pro se Petitioner Charles Edwards, Jr. (DOC #449415). Petitioner is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Winn Correctional Center ("WCC") in Winnfield, Louisiana. Petitioner challenges his conviction and sentence imposed in the Tenth Judicial District Court, Natchitoches Parish.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

### Procedural History

Petitioner states that he was convicted of second degree murder on September 6, 2006, and was sentenced to a 30-year term of imprisonment. According to the published jurisprudence, Petitioner was indicted on August 30, 2006, for second degree murder. A jury trial commenced on February 5, 2007. However, on February 6, 2007, Defendant entered a guilty plea to the amended offense of manslaughter. See State v. Edwards, 2007-1058 (La. App. 3 Cir. 3/12/08), 979 So. 2d 623, writ denied sub

nom. State ex rel. Edwards v. State, 2008-2693 (La. 9/18/09), 17 So. 3d 391. On May 21, 2007, Petitioner was sentenced to 30 years of imprisonment at hard labor. Id.

Petitioner filed a motion to reconsider sentence, which was denied on July 11, 2007. Id. Petitioner appealed to the Louisiana Third Circuit Court of Appeal, and the appellate court affirmed the sentence of 30 years at hard labor. Id. The Louisiana Supreme Court denied writs on September 18, 2009. State ex rel. Edwards v. State, 2008-2693 (La. 9/18/09), 17 So. 3d 391.

Petitioner alleges that he filed an application for post-conviction relief on June 21, 2010, which was denied. He sought writs in the Louisiana Third Circuit Court of Appeal and the Louisiana Supreme Court, which were denied on May 23, 2012, and October 26, 2012, respectively. See State v. Edwards, 2010-01443 (La. App. 3 Cir. 5/23/12), 90 So. 3d 561, writ denied sub nom. State ex rel. Edwards v. State, 2012-1466 (La. 10/26/12), 99 So. 3d 647. Almost four years later, on June 28, 2016, Petitioner filed the § 2254 petition now before this Court.

## Law and Analysis

In 1996, as part of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Congress enacted 28 U.S.C. § 2244(d), which provides a one-year statute of limitations for filing applications for writs of habeas corpus by persons in custody pursuant to the judgment of a state court. This limitations period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . ." 28 U.S.C. § 2244(d)(1)(A).

2

Federal courts may raise the one-year limitations period *sua sponte*. See Kiser v. Johnson, 163 F.3d 326 (5th Cir. 1999).

The statutory tolling provision of 28 U.S.C. § 2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitations period. See 28 U.S.C. § 2244(d)(2); Ott v. Johnson, 192 F.3d 510, 512 (5th Cir. 1999); Fields v. Johnson, 159 F.3d 914, 916 (5th Cir. 1998). The limitations period is tolled only for as long as the state application remains pending in the state's courts. See Johnson v. Quarterman, 483 F.3d 278 (5th Cir. 2007).

Petitioner's conviction became final for AEDPA purposes on December 18, 2009, 90 days after the denial of writs by the Louisiana Supreme Court in State ex rel. Edwards v. State, 2008-2693 (La. 9/18/09), 17 So. 3d 391.

Petitioner filed an application for post-conviction relief on June 21, 2010, which was denied. The appellate court denied writs on May 23, 2012. Petitioner sought writs in the Louisiana Supreme Court, which were denied as untimely on October 26, 2012. See State ex rel. Edwards v. State, 2012-1466 (La. 10/26/12), 99 So. 3d 647. At best, Petitioner's one-year limitations period was tolled until October 26, 2012. Thus, in order to comply with AEDPA, Petitioner's § 2254 petition should have been filed on or before October 26, 2013.

The United States Supreme Court has expressly held that the AEDPA's statute of limitations is subject to equitable tolling. See Holland v. Florida, 560 U.S. 631, 645

(2010). However, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 649 (internal quotation marks omitted); accord Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998) (holding that the AEDPA's statute of limitations can be equitably tolled "in rare and exceptional circumstances"). A petitioner bears the burden of proof to establish entitlement to equitable tolling. See Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002). In this case, Petitioner submits no evidence demonstrating that he is entitled to equitable tolling. This Court knows of no such evidence.

## Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that the § 2254 petition be **DENIED** and **DISMISSED** with prejudice as time-barred pursuant to 28 U.S.C. § 2244(d).

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Timely objections will be considered by the district judge before he makes his final ruling.

4

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

### Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. See 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 25 day of July, 2016.

Joseph H.L. Perez-Montes
United States Magistrate Judge